## COUNTY OF SOMERSET.

### WEBSTER *versus* HILL.

A levy on real estate, for one dollar more than is authorized by the precept on which it is made, is invalid.

The demandant in a real action, of property in the possession of another, can only recover on the strength of his own title ; and not on the weakness of that of the tenant.

ON REPORT from *Nisi Prius*, APPLETON, J., presiding.
WRIT OF ENTRY.
The title of the demandant's grantor depended upon the

levy of an execution in his favor, against one Nathaniel D. Richardson, in January, 1846.

That levy, according to the record, was for an excess of $1,05, more than was authorized by the precept and all costs, by virtue of which it was made.

The tenant, at the time of the suing out of plaintiff's writ, had possession, adverse to the demandant, under a recorded title deed, and such title at the time of demandant's levy, appeared by the record to have been in the wife of Nathaniel D. Richardson. Evidence tending to show her inability to pay for property herself, and also her husband's occupation of the land, were produced on the trial.

The case was submitted for the decision of the full Court.

*Hutchinson,* for tenant.

*Webster, pro se.*

SHEPLEY, C. J. — The demandant claims title by the levy of an execution in favor of Daniel Beale, jr., against Nath'l D. Richardson, made on January 14, 1846, and duly recorded, and by a conveyance of the same premises from Beale, jr. to himself, made on September 29, 1847, and recorded October 9, 1847.

The tenant claims title by conveyances from William King to Clarissa Richardson, the wife of Nathaniel D. Richardson, made on October 13, 1842, and recorded November 1, 1842. From Clarissa Richardson to Enoch Messer, made on November 21, 1846, and recorded November 4, 1850. From Enoch Messer to the tenant, made on March 24, and recorded on July 14, 1852. From Clarissa Richardson to the tenant made on March 12, and recorded on June 13, 1853.

Upon examination of a copy of the record of the levy it appears to have been made for one dollar at least more than the amount of the debt, costs, interest, fees for executions, and costs of levy. It is therefore invalid.

It is insisted, that the demandant may nevertheless recover; that Beale acquired a seizin by his levy which he conveyed to the demandant; that no one can take advant-

age of the defect in the levy and disprove the demandant's seizin, unless he claims under the debtor.

The tenant appears to have been in possession of the premises, when this action was commenced, under the deed from Enoch Messer duly recorded.

When a person is in possession of land, he may by a possessory action protect it against all, who do not represent a superior title.

When one is not in possession, if he would by a real action obtain possession from an occupant, he must recover upon the strength of his own title; not upon the weakness of that of the tenant. *Demandant nonsuit.*

TENNEY, APPLETON and CUTTING, J. J., concurred.